UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEIJER, INC. and MEIJER DISTRIBUTION, INC., on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>WARNER CHILCOTT HOLDINGS COMPANY III, LTD.; WARNER CHILCOTT CORPORATION; WARNER CHILCOTT (US) INC., GALEN (CHEMICALS), LTD.; and BARR PHARMACEUTICALS, INC.,<br><br>Defendants. | 05 Civ. 2195 (CKK) |
| LOUISIANA WHOLESALE DRUG CO., INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WARNER CHILCOTT PUBLIC LIMITED COMPANY, WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., GALEN (CHEMICALS) LTD., and BARR PHARMACEUTICALS, INC.,<br><br>Defendants. | 05 Civ. 2210 (CKK) |
| ROCHESTER DRUG CO-OPERATIVE, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v. | 05 Civ. 2257 (CKK) |

| | |
|---|---|
| WARNER CHILCOTT PUBLIC LIMITED COMPANY, WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., GALEN (CHEMICALS) LTD., and BARR PHARMACEUTICALS, INC., <br><br> Defendants. | |
| VALLEY WHOLESALE DRUG COMPANY, INC., individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., GALEN (CHEMICALS), LTD., and BARR PHARMACEUTICALS, INC., <br><br> Defendants. | 05 Civ. 2321 (CKK) |
| AMERICAN SALES COMPANY, INC., on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WARNER CHILCOTT HOLDINGS COMPANY III, LTD.; WARNER CHILCOTT CORPORATION; WARNER CHILCOTT (US) INC., GALEN (CHEMICALS), LTD.; and BARR PHARMACEUTICALS, INC., <br><br> Defendants. | 05 Civ. 2335 (CKK) |

| | |
|---|---|
| SAJ DISTRIBUTORS, INC. and STEPHEN L. LaFRANCE HOLDINGS, INC., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., GALEN (CHEMICALS) LTD., and BARR PHARMACEUTICALS, INC.,<br><br>Defendants. | 05 Civ. 2459 (CKK) |

### DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION TO CONSOLIDATE

Defendants Warner Chilcott Public Limited Company, Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., Galen (Chemicals) Ltd., and Barr Pharmaceuticals, Inc. ("Defendants") have moved to consolidate nine related actions for pre-trial proceedings. While the Direct Purchaser Plaintiffs do not oppose consolidation of their six cases,[1] they do oppose consolidation with the

---

[1] "Direct Purchaser Plaintiffs" refers to the Plaintiffs in the following actions: *Meijer, Inc., et al. v. Warner Chilcott Holdings Co. III, Ltd., et al.*, No. 05-2195 (D.D.C. filed Nov. 9, 2005); *Louisiana Wholesale Drug Co., Inc. v. Warner Chilcott Pub. Ltd. Co., et al.*, No. 05-2210 (D.D.C. filed Nov. 14, 2005); *Rochester Drug Co-Operative, Inc. v. Warner Chilcott Pub. Ltd. Co., et al.*, No. 05-2257 (D.D.C. filed Nov. 21, 2005); *Valley Wholesale Drug Co., Inc. v. Warner Chilcott Holdings Co. III, Ltd., et al.*, No. 05-2321 (D.D.C. filed Dec. 2, 2005); *American Sales Co., Inc. v. Warner Chilcott Holdings Co. III, Ltd., et al.*, No 05-2335 (D.D.C. filed Dec. 6, 2005); and *SAJ Distributors, Inc., et al. v. Warner Chilcott Holdings Co. III, Ltd., et al.*, No. 05-2459 (D.D.C. filed Dec. 23, 2005). These actions are referred to as the "Direct Purchaser Actions."

1

Government Actions[2] and the Indirect Purchaser Action.[3] Plaintiffs do not oppose coordination among the related cases.

I.      **COORDINATION VERSUS CONSOLIDATION**

Although the terms "coordination" and "consolidation" are often used interchangeably in the context of complex civil litigation, they actually refer to two different procedures. "Coordination" refers to the centralized management of pretrial proceedings by a single court (particularly, for fact discovery purposes), whereas "consolidation" refers to court-ordered unification of two or more actions into a single action, although it is within a court's purview to determine the duration and scope of the consolidation. *See* Fed. R. Civ. P. 42(a) (consolidation for trial purposes); *Schnabel v. Lui*, 302 F.3d 1023, 1035 (9th Cir. 2002) (noting that the Circuit Courts are split regarding whether consolidated actions retain their separate character or are merged for some purposes but not others); *In re the Regents of the Univ. of Cal.*, 964 F.2d 1128, 1134 (Fed. Cir. 1992) (describing the nature of coordination of pretrial activities); *SEC v. Kings Real Estate Inv. Trust*, 222 F.R.D. 660, 663-66 (D. Kan. 2004) (analyzing the terms "consolidation" and "coordination" in statute designed to safeguard SEC enforcement actions against application of multidistrict litigation rules); H.R. Rep. No. 90-1130, at 5 (1968), *as reprinted in* 1968 U.S.C.C.A.N. 1898. A court may choose to coordinate several actions involving common questions of fact by issuing uniform pretrial orders regarding the procedures the parties will follow, by ordering national depositions with lead counsel

---

[2]     "Government Actions" refers to the following actions: *FTC v. Warner Chilcott Holdings Co. III, Ltd., et al.*, No. 05-2179 (D.D.C. filed Nov. 7, 2005) and *State of Colorado, et al. v. Warner Chilcott Holdings Co. III, Ltd., et al.*, No. 05-2182 (D.D.C. filed Nov. 7, 2005). Plaintiffs in these actions are referred to as the "Government Entity Plaintiffs" or the "Government Entities."

[3]     "Indirect Purchaser Action" refers to the case captioned *Vista Healthplan, Inc. v. Warner Chilcott Holdings Co. III, Ltd., et al.*, No. 05-2327 (D.D.C. filed Dec. 5, 2005). Plaintiff in this action, along with potential class members this Plaintiff would represent, are referred to as "Indirect Purchasers."

propounding questions on behalf of the parties, or by establishing central document depositories accessible to all the parties. Counsel may also choose to coordinate their activities without the assistance of the court. *See* MANUAL FOR COMPLEX LITIGATION § 10.22 (4th ed. 2004).

## II.    THE DIRECT PURCHASER PLAINTIFFS DO NOT OPPOSE CONSOLIDATION OF THEIR SIX ACTIONS AND COORDINATION WITH THE GOVERNMENT ACTIONS AND INDIRECT PURCHASER ACTION

The Direct Purchaser Plaintiffs do not oppose consolidation of their six actions because consolidation would conserve judicial resources and promote a convenient, cost-effective means of litigating these cases. *See United States v. Dentsply Int'l, Inc.*, 190 F.R.D. 140, 142 (D. Del. 1999) (consolidation warranted when cases have common legal and factual issues, and parties and judicial system can benefit by avoiding duplicative discovery and motions practice). It would be proper to consolidate these—and only these—six cases because they arise out of the same facts, seek relief under the same statute, seek relief on behalf of the same putative class, and are proceeding under the same or similar legal theories. In fact, the Direct Purchaser Plaintiffs intend to file a consolidated amended class action complaint as their next step in the litigation.

However, it would be inappropriate for this Court to consolidate all nine cases, as Defendants have requested, because the actions involve three constituencies of plaintiffs: government entities, direct purchasers of Ovcon 35, and an indirect purchaser of Ovcon 35. Each of these groups is seeking relief under different laws, seeking different types of relief, proceeding on different legal theories, and may encounter different factual issues. For example, the Government Entities are only seeking injunctive relief, whereas both the Direct and Indirect Purchaser Plaintiffs are seeking damages for different levels of the chain of distribution and under different statutory schemes (the Direct Purchaser Plaintiffs seek damages under the

3

Clayton Act while the Indirect Purchasers seek damages under the laws of twenty-four different states). Class certification issues differ for each group of plaintiffs: the Government Entities do not purport to represent a class of plaintiffs, while the prospective classes for the Direct Purchasers and the Indirect Purchasers may be adverse to one another. *See Illinois Brick Co. v. Illinois*, 431 U.S. 720, 737 (1977) ("potential plaintiffs at each level in the distribution chain are in a position to assert conflicting claims to a common fund . . ."). As a result of the varying legal issues and interests of the parties, motion practice will likely diverge, with different substantive issues raised in each type of case. Moreover, each type of case may not necessarily progress on the same track because of class certification and damages issues. *See, e.g., Dentsply*, 190 F.R.D. at 146 (noting that third-party competitors of the defendants who might be happy to cooperate with the government could be reluctant to produce documents in the private actions that would entail disclosure of proprietary information to their rivals, causing disputes over third-party discovery that would delay the private actions). Defendants' motion to consolidate all nine actions should be denied.

    Nonetheless, should the Court deem it necessary to order some type of collaboration among counsel, the Direct Purchaser Plaintiffs note that other courts have routinely consolidated *groups* of cases according to the type of plaintiffs involved—*i.e.*, government actions, direct purchaser actions, and indirect purchaser actions—and then ordered pretrial coordination amongst the groups to the extent practical. *See* Pretrial Order Nos. 1-3 in *In re: DDAVP Indirect Purchaser Antitrust Litig.*, No. 05-2237 (S.D.N.Y. filed Feb. 18, 2005) (attached as Exhibits 1-3); Amended Case Management Order No. 1 in *In re: Remeron Direct Purchaser Antitrust Litig.*, No. 03-0085 (D.N.J. filed Jan. 8, 2003) (attached as Exhibit 4); Case Management Order No. 1 in *Vista Healthplan Inc. v. Bristol-Myers Squibb Co.*, No. 01-1295

(D.D.C. filed June 11, 2001) (attached as Exhibit 5); Corrected Case Management Order in *In re: Neurontin Mktg. and Sales Practices Litig.*, No. 04-10981 (D. Mass. filed May 14, 2004) (attached as Exhibit 6); Order No. 3 in *In re Buspirone Antitrust Litig.*, MDL Docket No. 1410 (S.D.N.Y. filed Oct. 15, 2001) (attached as Exhibit 7). *See also In re Gas Meter Antitrust Litig.*, 464 F.Supp. 391 (J.P.M.D.L. 1979) (transferring private action with individual plaintiffs to district court where class actions and government actions already pending, to facilitate any necessary coordination between private and government proceedings); *Impervious Paint Indus., Ltd. v. Ashland Oil, Inc.*, 444 F.Supp. 465, 468 (E.D. Pa. 1978) (transferring private antitrust class action to district where government civil and criminal actions were proceeding, to coordinate private with government actions to the appropriate degree); *In re Hawaiian Hotel Rooms Rate Antitrust Litig.*, 438 F. Supp. 935, 936 (J.P.M.L. 1977) (same); *see also Ferrell v. Wyeth-Ayerst Laboratories, Inc.*, 2005 WL 2709623, at *2 (S.D. Ohio Oct. 21, 2005) (noting that direct and indirect purchaser actions were coordinated).

      Because this method of case management is common, the Direct Purchaser Plaintiffs do not oppose coordination with other related cases, provided the coordination is limited to common issues. Where case-specific issues prevent coordination, plaintiffs ask the Court to allow the cases to proceed on separate tracks. *See, e.g., In re Regents of the Univ. of Calif.*, 964 F.2d at 1134 (with pretrial coordination, court has power to cause pretrial proceedings to proceed on separate tracks where issues are not common to all actions concurrently with common pretrial proceedings) (citing *In re Aviation Products Liab. Litig.*, 347 F.Supp. 1401, 1403-04 (J.P.M.L. 1972); *In re Payment Card Interchange Fee and Merchant Disc. Antitrust Litig.*, 398 F.Supp.2d 1356, 1358 (J.P.M.L. 2005) (noting that transferee court for cases

transferred pursuant to MDL statute can establish separate discovery and/or motion tracks to efficiently manage the litigation).

## CONCLUSION

For the foregoing reasons, Defendants' motion to consolidate should be denied to the extent that Defendants seek consolidation of all nine pending cases.

Dated: January 20, 2006

Respectfully submitted,

By: /s/

Michael D. Hausfeld
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
Washington, D.C. 20005-3964
Tel: (202) 408-4600
Fax: (202) 408-4699


Linda P. Nussbaum
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
150 East 52nd St., 30th Floor
New York, NY 10022-6017
Tel: (212) 838-7797
Fax: (212) 838-7745

**ATTORNEYS FOR PLAINTIFFS, MEIJER, INC. and MEIJER DISTRIBUTION, INC.**

Richard B. Drubel
Kimberly H. Schulz
BOIES, SCHILLER & FLEXNER LLP
26 South Main Street
Hanover, NH 03755
Tel: (603) 643-9090
Fax: (603) 643-9010

William Isaacson
Tanya Chutkan
BOIES, SCHILLER & FLEXNER, LLP
5301 Wisconsin Ave., N.W., Suite 800

Case 1:05-cv-02210-CKK   Document 13   Filed 01/20/2006   Page 9 of 10

Washington, DC 20015
Tel: (202) 237-2727
Fax:(202) 237-6131

**ATTORNEYS FOR PLAINTIFF,**
**VALLEY WHOLESALE DRUG COMPANY, INC.**

Bruce E. Gerstein
Barry S. Taus
Kevin S. Landau
GARWIN GERSTEIN & FISHER, LLP
1501 Broadway, Suite 1416
New York, NY 10011
Tel: (212) 398-0055
Fax: (212) 764-6620

**ATTORNEYS FOR PLAINTIFF,**
**LOUISIANA WHOLESALE DRUG CO., INC.**

Daniel Berger
David Sorenson
Eric L. Cramer
Peter Kohn
Daniel Simons
BERGER & MONTAGUE, P.C.
1622 Locust St.
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604

**ATTORNEYS FOR PLAINTIFF,**
**ROCHESTER DRUG CO-OPERATIVE**

Dianne M. Nast
RODANAST, P.C.
801 Estelle Drive
Lancaster, PA 17601
Tel: (717) 892-3000
Fax: (717) 892-1200

**ATTORNEYS FOR PLAINTIFFS, SAJ**
**DISTRIBUTORS, INC. and STEPHEN**
**L. LaFRANCE HOLDINGS, INC.**

7

Thomas M. Sobol
HAGENS BERMAN SOBOL & SHAPIRO LLP
One Main Street, 4th Floor
Cambridge, MA 02142
Tel: (617) 482-3700

**ATTORNEYS FOR PLAINTIFF,
AMERICAN SALES COMPANY, INC.**