# EXHIBIT 3

DOC # 12

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: DDAVP DIRECT PURCHASER ANTITRUST LITIGATION | Civil Action No. 05 cv 2237 (CLB) |
| | Hon. Charles L. Brieant, U.S.D.J. |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |
| | |
| IN RE: DDAVP INDIRECT PURCHASER ANTITRUST LITIGATION | Civil Action No. 05 cv 2237 (CLB) |
| | Hon. Charles L. Brieant, U.S.D.J. |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |



[~~PROPOSED~~] PRETRIAL ORDER NO. 7

WHEREAS, Plaintiffs have filed complaints in the Coordinated Actions, as defined in proposed Pretrial Order No. 1 in the direct and indirect purchaser actions, for alleged violations of federal and/or state antitrust laws involving the tablet form of the drug DDAVP® ("DDAVP") and its generic equivalents;

WHEREAS, the parties to the Coordinated Actions believe that the following schedule will avoid unnecessary costs and promote the efficient conduct of proceedings herein;

NOW, THEREFORE, THE COURT ORDERS as follows:

1. Pursuant to Paragraph 35 of proposed Pretrial Order No. 1 in the direct and indirect purchaser actions, and subject to the provisions of paragraph 2 and 3 below, Defendants shall produce to Plaintiffs copies of the following documents and materials

APR 15 2005

USDC SDNY
DOCUMENT
ELECTRONICALLY
DOC #: _____
DATE FILED: _____

32

from all litigations in which Defendants have asserted infringement of U.S. Patent No. 5,407,398 against an entity seeking to manufacture a generic version of DDAVP, including but not limited to the actions captioned <u>Ferring B.V., et al.</u> v. <u>Barr Laboratories, Inc.</u>, No. 02 Civ. 9851 (CLB) (the "<u>Barr Litigation</u>") and <u>Ferring B.V.</u> v. <u>Teva Pharmaceuticals USA, Inc, et al.</u>, No. 04 Civ. 0884 (SLR) (the "<u>Teva Litigation</u>"): all pleadings; hearing transcripts; discovery materials (including documents, deposition transcripts, written responses to discovery requests, and any correspondence that modified the scope of discovery); any expert reports; any logs of documents withheld from production on grounds of privilege; and any exhibits to any of the foregoing. Subject to the entry of a protective order in the Coordinated Actions and satisfaction of the obligations set forth in paragraph 2 and 3 below, Defendants shall begin producing documents and materials no later than June 1, 2005, continue to produce on a good faith rolling basis, and substantially complete the production of the remaining documents and materials as soon as practicable but by no later than September 2, 2005. To the extent that any of the above-referenced materials already exist in electronic or computerized form (such as CD-ROM) they shall be produced in that format.

2.   The documents and materials referenced in paragraph 1 include and/or contain portions of documents and materials produced by Barr Laboratories and third parties pursuant to a Stipulated Protective Order filed in the <u>Barr Litigation</u> on February 10, 2003 (the "Barr Protective Order"). The Barr Protective Order prohibits the disclosure of any producing party's highly confidential or confidential information without the producing party's written consent. Accordingly, Defendants shall not be obliged to produce highly confidential or confidential information produced by Barr

2

Laboratories and/or any third parties unless and until Plaintiffs obtain such written consent. Defendants shall, to the extent such information is available to them, identify third parties who have produced documents and/or witnesses in the Barr Litigation. Defendants shall not object to or otherwise take any action to preclude Plaintiffs from obtaining written consent to obtain these documents and materials. Nothing in this order shall prevent Plaintiffs from obtaining third party discovery directly from Barr Laboratories or others.

3. The documents and materials referenced in paragraph 1 include and/or contain portions of documents and materials produced by Teva Pharmaceuticals and third parties pursuant to a Stipulated Protective Order filed in the Teva Litigation on November 17, 2004 (the "Teva Protective Order"). The Teva Protective Order prohibits the disclosure of any producing party's highly confidential or confidential information without the producing party's written consent. Accordingly, Defendants shall not be obliged to produce highly confidential or confidential information produced by Teva Pharmaceuticals and/or any third parties unless and until Plaintiffs obtain such written consent. Defendants shall, to the extent such information is available to them, identify third parties who have produced documents and/or witnesses in the Teva Litigation. Defendants shall not object to or otherwise take any action to preclude Plaintiffs from obtaining written consent to obtain these documents and materials. Nothing in this order shall prevent Plaintiffs from obtaining third party discovery directly from Teva Pharmaceuticals or others.

4. Subject to the entry of a protective order in the Coordinated Actions, Defendants shall produce, in electronic or computerized form, documents and certain

3

transactional data kept in the ordinary course of business sufficient to identify each person or entity in the United States who purchased DDAVP in tablet form directly from the Defendants for the period January 1, 2002 to the present. In addition, to the extent that such information is kept in the ordinary course of business and in electronic or computerized form, Defendants shall produce data regarding the date, purchaser, net purchase price, quantity, and NDC code of each transaction for the period January 1, 2002 to the present. Defendants will produce these materials by no later than September 2, 2005.

5.  Plaintiffs shall serve a first request for the production of documents on September 15, 2005. Defendants shall serve good faith written responses and objections to the requests by October 15, 2005. The parties shall meet and confer about any disagreements concerning the responses and objections in a timely fashion so that any disputes may be promptly presented to the Court.

6.  Except as provided in paragraphs 1-5 and 10, all other pretrial proceedings, including initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), discovery, and motion practice shall be suspended until the earlier of January 1, 2006, a ruling by the United States Court of Appeals for the Federal Circuit ("Federal Circuit") on the appeal pending in the Barr Litigation, or another resolution of the appeal in the Barr Litigation (collectively, the "Decision Date"). Defendants shall have no obligation to respond to any complaint in the Coordinated Actions until 45 days after the Decision Date.

7.  Counsel for Plaintiffs and Defendants shall meet and confer about an additional scheduling order within 15 days of the Decision Date. The parties will submit

an agreed-upon scheduling order (or, if agreement cannot be reached, proposed scheduling orders) to the Court within 30 days of the Decision Date.

8.   Defendants shall be deemed to have accepted service of the complaints filed in the Coordinated Actions as of March 18, 2005.

9.   By entering into this agreed-upon order, and except for the obligations and agreements contained herein, Defendants do not waive any defenses they may have or waive their right to seek to postpone further activity in the Coordinated Actions pending final resolution of the appeal in the Barr Litigation. By entering into this agreed-upon order, and except for the obligations and agreements contained herein, Plaintiffs do not waive their right to oppose any further postponement of activity in the Coordinated Actions.

10.   Defendants will not consent to a more expedited discovery schedule in any other litigation alleging violations of federal and/or state antitrust laws involving the tablet form of DDAVP.

11 - A status conference with the Court will be held on January 25, 2006 at 2:00 P.M.

SO ORDERED:

DATED: White Plains, N.Y.
April 15, 2005

_Charles Brieant_
**UNITED STATES DISTRICT JUDGE**

5