# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | |
| **Plaintiff,** | |
| **v.** | **05 Civ. 2179 (CKK)** |
| **WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., WARNER CHILCOTT COMPANY, INC., and BARR PHARMACEUTICALS, INC.,** | |
| **Defendants.** | |
| **STATE OF COLORADO, COMMONWEALTH OF VIRGINIA, STATE OF MARYLAND, STATE OF ALASKA, STATE OF ARIZONA, STATE OF ARKANSAS, STATE OF CALIFORNIA, STATE OF DELAWARE, DISTRICT OF COLUMBIA, STATE OF FLORIDA, STATE OF IDAHO, STATE OF ILLINOIS, STATE OF IOWA, STATE OF KANSAS, COMMONWEALTH OF KENTUCKY, STATE OF LOUISIANA, STATE OF MAINE, COMMONWEALTH OF MASSACHUSETTS, STATE OF MICHIGAN, STATE OF MINNESOTA, STATE OF MISSISSIPPI, STATE OF MISSOURI, STATE OF NEVADA, STATE OF NEW YORK, STATE OF NORTH CAROLINA, STATE OF NORTH DAKOTA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF OREGON, STATE OF RHODE ISLAND, STATE OF SOUTH CAROLINA, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF UTAH, STATE OF VERMONT,** | |
| **Plaintiffs,** | **05 Civ. 2182 (CKK)** |
| **v.** | **JURY TRIAL DEMANDED** |

- 1 -

WARNER CHILCOTT HOLDINGS COMPANY
III, LTD., WARNER CHILCOTT
CORPORATION, WARNER CHILCOTT (US)
INC., WARNER CHILCOTT COMPANY, INC.,
and BARR PHARMACEUTICALS, INC.,

           **Defendants.**

---

MEIJER, INC. and MEIJER DISTRIBUTION,
INC., on behalf of themselves and all others
similarly situated

           **Plaintiffs,**

      v.

WARNER CHILCOTT HOLDINGS COMPANY
III, LTD.; WARNER CHILCOTT
CORPORATION; WARNER CHILCOTT (US)
INC., GALEN (CHEMICALS), LTD.; and BARR
PHARMACEUTICALS, INC.,

           **Defendants.**

**05 Civ. 2195 (CKK)**

**JURY TRIAL DEMANDED**

---

LOUISIANA WHOLESALE DRUG CO., INC.,
on behalf of itself and all others similarly situated,

           **Plaintiff,**

      v.

WARNER CHILCOTT PUBLIC LIMITED
COMPANY, WARNER CHILCOTT HOLDINGS
COMPANY III, LTD., WARNER CHILCOTT
CORPORATION, WARNER CHILCOTT (US)
INC., GALEN (CHEMICALS) LTD., and BARR
PHARMACEUTICALS, INC.,

           **Defendants.**

**05 Civ. 2210 (CKK)**

**JURY TRIAL DEMANDED**

- 2 -

**ROCHESTER DRUG CO-OPERATIVE, INC.**, on behalf of itself and all others similarly situated,

        Plaintiff,

     v.

**WARNER CHILCOTT PUBLIC LIMITED COMPANY, WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., GALEN (CHEMICALS) LTD., and BARR PHARMACEUTICALS, INC.**,

        Defendants.

**05 Civ. 2257 (CKK)**

**JURY TRIAL DEMANDED**

---

**VALLEY WHOLESALE DRUG COMPANY, INC.**, individually and on behalf of all others similarly situated,

        Plaintiff,

     v.

**WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., GALEN (CHEMICALS), LTD., and BARR PHARMACEUTICALS, INC.**,

        Defendants.

**05 Civ. 2321 (CKK)**

**JURY TRIAL DEMANDED**

---

**VISTA HEALTHPLAN, INC.**, on behalf of itself and all others similarly situated,

        Plaintiff,

     v.

**05 Civ. 2327 (CKK)**

**JURY TRIAL DEMANDED**

- 3 -

**WARNER CHILCOTT HOLDINGS COMPANY
III, LTD., WARNER CHILCOTT
CORPORATION, WARNER CHILCOTT (US)
INC., GALEN (CHEMICALS), LTD., and BARR
PHARMACEUTICALS, INC.,**

    Defendants.

**AMERICAN SALES COMPANY, INC., on behalf
of itself and all others similarly situated,**

    Plaintiff,

    v.

**WARNER CHILCOTT HOLDINGS COMPANY
III, LTD.; WARNER CHILCOTT
CORPORATION; WARNER CHILCOTT (US)
INC., GALEN (CHEMICALS), LTD.; and BARR
PHARMACEUTICALS, INC.,**

    Defendants.

**05 Civ. 2335 (CKK)**

**JURY TRIAL DEMANDED**

**SAJ DISTRIBUTORS, INC. and STEPHEN L.
LaFRANCE HOLDINGS, INC., individually and
on behalf of all others similarly situated,**

    Plaintiffs,

    v.

**WARNER CHILCOTT HOLDINGS COMPANY
III, LTD., WARNER CHILCOTT
CORPORATION, WARNER CHILCOTT (US)
INC., GALEN (CHEMICALS) LTD., and BARR
PHARMACEUTICALS, INC.,**

    Defendants.

**05 Civ. 2459 (CKK)**

**JURY TRIAL DEMANDED**

## <u>CASE MANAGEMENT ORDER NO. 1</u>

- 4 -

**WHEREAS,** the above-captioned actions have been filed against Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Public Limited Co., Warner Chilcott Company, Inc., Galen (Chemicals), Ltd. (collectively, "Warner Chilcott"), and Barr Pharmaceuticals, Inc. ("Barr") (collectively, "Defendants") in the United States District Court for the District of Columbia, alleging antitrust violations relating to Ovcon 35, an oral contraceptive ("Ovcon");

**WHEREAS,** repetitive submissions and communications have already become a drain on the resources of the Court and counsel, diverting energy from the pursuit of the merits of the litigation, causing delay, and wasting financial resources that should be preserved;  and

**WHEREAS,** in order to promote judicial economy and to avoid duplication, the Court finds it appropriate to provide for consolidation and coordination of the above-captioned cases and any future actions on behalf of Ovcon purchasers (the "Coordinated Actions");

**IT IS HEREBY ORDERED** as follows:

## I.    **CONSOLIDATION OF ACTIONS**

A.    Those actions listed on Schedule A brought by the Federal Trade Commission and the various States alleging claims under the federal and state antitrust laws shall be collectively referred to as the "Government Cases" and shall be consolidated for all pretrial purposes pursuant to Federal Rule of Civil Procedure 42(a).

B.    Those actions listed on Schedule B and all actions subsequently filed in or transferred to this Court that have been brought on behalf of one or more direct purchasers of Ovcon 35 shall be collectively referred to as the "Direct Purchaser Cases" and shall be consolidated for all pretrial purposes pursuant to Federal Rule of Civil Procedure 42(a).

C.    Those actions listed on Schedule C and all actions subsequently filed in or transferred to this Court that have been brought on behalf of one or more indirect purchasers of Ovcon 35 at the end of the chain of distribution (*i.e.*, consumers and/or third party payors) shall be collectively referred to as the "Indirect Purchaser Cases" and shall be consolidated for all pretrial purposes pursuant to Federal Rule of Civil Procedure 42(a).

## II.    COORDINATION OF ACTIONS

A.    Those actions listed on Schedules A, B, and C shall be coordinated pursuant to Federal Rule of Civil Procedure 42(a) for pretrial proceedings (including discovery) relating to liability.

B.    All other actions now pending or hereafter filed in or transferred to this Court that have been brought on behalf of purchasers of Ovcon 35 that arise out of the same operative facts as alleged in Coordinated Actions shall be coordinated and shall be subject to this Order.

C.    The terms of this Order shall not have the effect of making any person, firm, or corporation a party to any action in which he, she, or it has not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure. The terms of this Order and the coordination ordered herein shall not constitute a waiver by any party of any claims in, or defenses to, any of the actions.

D.    All counsel in this action and any future coordinated action shall make their best efforts to avoid duplication, inefficiency, and inconvenience to the Court, the parties, counsel, and witnesses.

E.    The Coordinated Actions shall be referred to as *In Re: Ovcon 35 Antitrust Litigation.*

- 6 -

III.    **DOCKETING, FILING, AND CAPTIONING PROCEDURES**

A.    **MASTER DOCKET AND SEPARATE DOCKETS**

1.    A "Master Docket" is hereby established for the pretrial proceedings in these Coordinated Actions and in all other actions filed in or transferred to this Court and coordinated herewith for pretrial purposes related to liability. Entries in the Master Docket shall be applicable to these Coordinated Actions as set forth below. Separate dockets shall also be maintained for each action, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court except as modified by this Order or a future Order of this Court.

B.    **MASTER FILE AND SEPARATE FILES**

1.    A "Master File" is hereby established for pretrial proceedings in these Coordinated Actions. The Master File shall be Master File No. [  ]-Civ.-[  ]. The original of this Order shall be filed by the Clerk in the Master File. The Clerk shall maintain a separate file for each action and filings shall be made therein in accordance with the regular procedures of the Clerk of this Court except as modified by this Order or a future Order of this Court.

2.    The Court shall deliver all orders and decisions filed in these proceedings to:

i.    The Federal Trade Commission ("FTC") and the State of Colorado on behalf of plaintiffs' counsel in the Government Cases. The State of Colorado

- 7 -

shall forward copies of these orders and decisions to all other plaintiffs' counsel in the states' case;

ii.        Cohen, Milstein, Hausfeld & Toll, P.L.L.C. ("Cohen Milstein") on behalf of plaintiffs' counsel in the Direct Purchaser Cases.  Cohen Milstein shall forward copies of these orders and decisions to all other plaintiffs' counsel in the Direct Purchaser Cases;

iii.        Hanzman & Criden, P.A. ("Hanzman Criden") on behalf of plaintiffs' counsel in the Indirect Purchaser Cases.  Hanzman Criden shall forward copies of these orders and decisions to all other plaintiffs' counsel in the Indirect Purchaser Cases; and

iv.        Counsel for Defendants as follows:  Simpson Thacher & Bartlett, LLP on behalf of Warner Chilcott, and Kirkland & Ellis, LLP on behalf of Barr.


**C.        CAPTION OF CASES**

1.        Every pleading filed in the Coordinated Actions, or in any separate action included herein, shall bear the following caption:

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| _____ | :   ___ Civ. ____ |
| **IN RE: OVCON 35 ANTITRUST LITIGATION** | : |
|  | : |
| _____ | : |
|  | : |
| **This Document Relates To:** | : |
|  | : |
|  | : |
| _____ | : |

- 8 -

2.    When a document is intended to apply to all actions to which this Order applies, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption.

3.    When a document is not intended to apply to all actions, the party filing the document shall indicate the action(s) to which the document is intended to apply by including a shortened caption and docket number for each of the individual action(s).  For example:

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **IN RE: OVCON 35 ANTITRUST LITIGATION** | : | ___ Civ. ____ |
|  | : |  |
|  | : |  |
|  | : |  |
| **This Document Relates To:** | : |  |
|  | : |  |
| **Federal Trade Commission v.** | : |  |
| **Warner Chilcott Holdings Company III, Ltd.,** | : |  |
| **et al., No. 05 Civ. 2179** | : |  |
|  | : |  |

**D.    FILING AND DOCKETING**

1.    When a document is filed and the caption, pursuant to Section III.C.2 above, shows that it applies to "All Actions," the Clerk shall file such document in the Master File and note such filing in the Master Docket.  No further copies need be filed, nor docket entries be made.

2.    When a document is filed and the caption, pursuant to Section III.C.3 above, shows that it applies to less than all of the Coordinated Actions, the Clerk shall file the original of such document in the Master File and a copy in the file of each specific action to which the paper is intended to apply.

### E.    NEWLY FILED OR TRANSFERRED CASES

1.    When a case that relates to the same subject matter as the Coordinated Actions is hereinafter filed in or transferred to this Court, the Clerk of this Court shall:

    i.    Make an appropriate entry in the Master Docket;

    ii.    Place a copy of this Order in the Individual File;

    iii.    Mail a copy of the Order of Assignment to counsel for Defendants and counsel for plaintiffs in the Government Cases, the Indirect Purchaser Cases, and the Direct Purchaser Cases; and

    iv.    Mail a copy of this Order to the attorney(s) for the plaintiff(s) in the newly filed or transferred case and to the attorney(s) for any new defendant(s) in the newly-filed or transferred case.

2.    Counsel shall assist the Court by calling to the attention of the Clerk the filing or transfer of any case which might properly be coordinated or consolidated as part of the Coordinated Actions.

3.    This Order shall apply to each case subsequently filed in or transferred to this Court alleging claims similar to those set forth in the Coordinated Actions, unless a party serves an application for relief of this Order or from any of its provisions within

fifteen (15) days after the date on which the Clerk mails a copy of this Order to counsel

for that party and this Court deems it appropriate to grant such application.


IV.    **MATTERS RELATING TO COUNSEL**


   A.    **ORGANIZATION OF PLAINTIFFS' COUNSEL**

        1.    The Court designates the following as Liaison Counsel to act on behalf of

all plaintiffs in the Government Cases:

>    i.    Thomas H. Brock
>         Federal Trade Commission
>         600 Pennsylvania Avenue, N.W.
>         Washington, D.C. 20580
>         Tel: (202) 326-3759
>
>    ii.    Devin M. Laiho
>         1525 Sherman Street, Fifth Floor
>         Denver, Colorado 82023
>         Tel: (303) 866-5079

        2.    The Court designates the following as Liaison Counsel to act on behalf of

all plaintiffs in the Direct Purchaser Cases:

>         Linda P. Nussbaum
>         Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
>         1100 New York Avenue, NW
>         Washington, DC 20005-3964
>         Tel: (202) 408-4600

The Court also designates the following firms as members of the Executive Committee in

the Direct Purchaser Cases:

>    i.    Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
>         1100 New York Avenue, NW

Washington, DC 20005-3964
Tel: (202) 408-4600

ii.    Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue, NW, Suite 800
Washington, DC 20015
Tel: (202) 237-2727

iii.    Garwin Gerstein & Fisher, LLP
1501 Broadway, Suite 1416
New York, New York 10036
Tel: (212) 398-0055

iv.    Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000

v.    Roda Nast, PC
801 Estelle Drive
Lancaster, Pennsylvania 17601
Tel: (717) 892-3000

vi.    Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, Massachusetts 02142
Tel: (617) 482-3700

3.    The Court designates the following as Liaison Counsel to act on behalf of all plaintiffs in the Indirect Purchaser Cases:

Kevin Love
Hanzman & Criden, P.A.
220 Alahambra Circle, Suite 400
Coral Gables, Florida 33134
Tel: (305) 357-9000

The Court also designates the following firms as members of the Executive Committee in the Indirect Purchaser Cases:

i.    Hanzman & Criden, P.A.
220 Alahambra Circle, Suite 400
Coral Gables, Florida 33134

- 12 -

Tel: (305) 357-9000

ii.    Mager White & Goldstein
2825 University Drive, Suite 350
Coral Springs, Florida 22065
Tel: (954) 341-0844

4.    Liaison Counsel, in consultation with their respective Executive

Committees where applicable, shall have sole authority over the following matters on

behalf of all plaintiffs in their respective cases (as set forth above):

i.    The signing of any consolidated complaint, motions, briefs,

discovery requests, objections, or notice on behalf of all plaintiffs or those

plaintiffs filing particular papers;

ii.    The initiation, response, scheduling, briefing, and argument of all

motions;

iii.    The scope, order, initiation, and conduct of all discovery

proceedings;

iv.    The designation of which attorneys may appear at hearings and

conferences with the Court;

v.    Employment of and consultation with any experts;

vi.    The timing and substance of any settlement negotiations with

Defendants; and

vii.    Other matters concerning the prosecution or resolution of these

coordinated cases.

5.    Liaison Counsel, in consultation with their respective Executive

Committees where applicable, shall have sole authority to communicate with Defendants'

counsel and the Court on behalf of all plaintiffs in their respective cases (as set forth above), unless that authority is expressly delegated to other counsel. Defendants' counsel may rely on all agreements made with Liaison Counsel, and such agreements shall be binding on all other plaintiffs' counsel in those cases.

       i.     Liaison Counsel shall not speak on behalf of the plaintiffs in the Indirect or Direct Purchaser Cases on matters without first consulting, and receiving explicit authority from, their respective Executive Committee. All substantive decisions regarding the prosecution, administration, and/or resolution of claims of the plaintiffs in the Indirect or Direct Purchaser Cases shall be made by their respective Executive Committee by consensus. Notwithstanding the foregoing, any attorney not a member of the Executive Committee may discuss with opposing counsel procedural or administrative matters relating solely to his or her client's individual action (*e.g.*, service of process).

       ii.    All class counsel shall keep contemporaneous time records and shall periodically submit summaries or other records of time and expenses in their respective cases, to their respective Executive Committees, or their designees.

      6.    Liaison Counsel shall be responsible for ensuring that orders of the Court are served on all counsel in each case for which they are acting as Liaison Counsel, maintaining a master service list of all parties and their respective counsel, and keeping a complete file of all papers and discovery materials filed or generated in the actions.

**B.    ADMISSION OF ATTORNEYS**

      1.    Each attorney not a member of the Bar of this Court who is acting as counsel for a plaintiff or defendant herein and who is in good standing in any district court of the United States shall be deemed admitted *pro hac vice* to practice before this Court in connection with the Coordinated Actions.

**C.    COOPERATION AMONG ATTORNEYS**

      1.    The Court expects all counsel in the Coordinated Actions to make every effort to avoid duplication, inefficiency, and inconvenience to the Court, the parties, counsel, and witnesses.

      2.    However, nothing stated in this Order shall be construed to diminish the right of any counsel to be heard on matters that are not susceptible to joint or common action or as to which there is a genuine and substantial disagreement among counsel.

**V.    <u>FILING AND SERVICE MATTERS</u>**

    A.    Any party to the Coordinated Actions shall effect service of all papers on all parties as follows:

      1.    As applicable, Defendants shall serve all papers on all Liaison Counsel.

      2.    As applicable, plaintiffs shall serve all papers on counsel for Defendants as follows:  Charles E. Koob, Simpson Thacher & Bartlett, LLP for Warner Chilcott and Karen Walker, Kirkland & Ellis LLP for Barr, at the addresses indicated below.

    B.    Filing and service of any document in the Coordinated Actions shall be as provided for by the Federal Rules of Civil Procedure or as otherwise agreed by the parties.

C.      Notwithstanding any other provisions herein, the parties shall file and serve all papers in accordance with the Electronic Case Filing Policies and Procedures ("ECF Procedures") of this Court.  To the extent that ECF Procedures do not apply, the parties shall serve papers in the manner described above.

## VI.    <u>COORDINATION:  DISCOVERY RELATED TO LIABILITY</u>

### A.      GENERAL PROVISIONS

1.      Any and all discovery taken by any party in the Government Cases, the Direct Purchaser Cases, or the Indirect Purchaser Cases shall be deemed to have been taken in all such cases.

2.      Counsel shall not seek, whether through the production of documents, depositions, interrogatories or otherwise, cumulative or duplicative discovery, and shall not seek discovery in a fashion that is duplicative or cumulative.

3.      All discovery taken in any of the Coordinated Actions related to liability, whether written or testimonial, is deemed discovered in all of the above-captioned actions as if such discovery had been obtained in that action.

### B.      DEPOSITIONS

1.      No witness may be deposed more than once without leave of Court.

2.      Counsel noticing a deposition on issues related to liability shall forward such notice to all other Liaison Counsel in the Coordinated Actions and Defendants.

Liaison Counsel, in turn, shall be responsible for ensuring that such notices are served on all counsel in each case for which he or she is acting as Liaison Counsel.

     3.     If Liaison Counsel or Defendants elect to attend a noticed deposition, they shall notify the attorney who noticed the deposition as well as all Defendants no less than seven (7) days prior to the deposition.

     4.     Liaison Counsel from the Government Cases, the Direct Purchaser Cases, or the Indirect Purchaser Cases shall be entitled to attend and question, pursuant to the Federal Rules of Civil Procedure, in those depositions following questioning by the counsel who noticed the deposition provided that:

          i.     No more than three (3) counsel and/or paralegals accompany each Liaison Counsel or Defendant to the deposition; and

          ii.     Participation of counsel shall be arranged so as not to delay the proceedings.

     5.     Should any attorney identify in connection with a deposition discovery that relates to that witness on an issue other than liability, Liaison Counsel and counsel for Defendants shall devise a process to permit such attorney to participate in the taking of the deposition on that issue.

     6.     Notwithstanding any other provision of this Order, no plaintiffs' counsel in any Coordinated Action shall be permitted to attend a deposition unless such counsel is a signatory to a Confidentiality Stipulation and Proposed Order that has been entered by the Court.

     7.     Notwithstanding any other provision of this Order, any deposition notice that is clearly intended to discover matters related solely to a particular plaintiff in a

particular action need only be served on counsel for that particular plaintiff with a copy to be provided to Liaison Counsel.

## C.    WRITTEN DISCOVERY

1.    Counsel serving a written discovery request on issues related to liability shall forward such requests to all other Liaison Counsel or Defendants in the Coordinated Actions.  Liaison Counsel, in turn, shall be responsible for ensuring that such notices are served on all counsel in each case for which he or she is acting as Liaison Counsel.

2.    Counsel receiving notice that written discovery requests have been served on a Party shall not serve duplicative or cumulative requests thereafter.

3.    Any Party responding to a written document request shall serve each Liaison Counsel and counsel for Defendants with one production set of documents responsive to all such requests.

4.    Notwithstanding any other provision of this Order, no plaintiffs' counsel in any Coordinated Action shall be permitted to obtain written discovery unless such counsel is a signatory to a Confidentiality Stipulation and Proposed Order that has been entered by the Court.

5.    Notwithstanding any other provision of this Order, any written discovery request that is clearly intended to discover matters related solely to a particular plaintiff in a particular action need only be served on counsel for that particular plaintiff with a copy to be provided to Liaison Counsel.  Any response thereto need only be served on Defendants.

**D.    PRIVILEGE LOG**

1.     Any Party shall provide Liaison Counsel and counsel for Defendants with one privilege log that corresponds with its one production set.

**E.    CONFIDENTIALITY OR PROTECTIVE ORDERS**

1.     The parties of the Coordinated Actions will promptly enter into a Confidentiality Stipulation and Proposed Order that will apply in each of the above-captioned actions.

2.     Within [] of this Order, Defendants will submit the Confidentiality Stipulation and Proposed Order for entry into the Coordinated Action.

3.     Notwithstanding any other provision of this Order, plaintiffs' counsel shall not be entitled to use documents, deposition testimony, or other materials provided in accordance with this Order for any purpose in any Coordinated Action unless such counsel is a signatory to and the Court has entered a Confidentiality Stipulation and Proposed Order.

**VII.    <u>MODIFICATION</u>**

Any party may, for good cause shown, move for modification of any provision of this Order.

**VIII.    <u>INITIAL SCHEDULE</u>**

A.     Plaintiffs in the Direct Purchaser Cases shall file a single Consolidated Amended Complaint on or before [January 30, 2006].  Plaintiffs in the Direct Purchaser Cases reserve their

right to seek leave of the Court to make further amendments pursuant to Federal Rule of Civil Procedure 15(a).

B.    All prior deadlines for responding to the complaints of plaintiffs in the Direct Purchaser Cases are hereby vacated, and Defendants shall answer or otherwise respond to Plaintiffs' Consolidated Amended Complaint within thirty (30) days of service of that Amended Complaint.  Should Defendants move to dismiss Plaintiffs' Consolidated Amended Complaint, Plaintiffs' response shall be filed within thirty (30) days of filing of the motion.  Defendants' reply, if any, shall be filed within thirty (30) days of filing of the opposition.

C.    Plaintiffs in the Indirect Purchaser Cases shall file an Amended Complaint on or before [              ].  Plaintiffs in the Indirect Purchaser Cases reserve their right to seek leave of the Court to make further amendments pursuant to Federal Rule of Civil Procedure 15(a).

D.    All prior deadlines for responding to the complaint of plaintiffs in the Indirect Purchaser Cases are hereby vacated, and Defendants shall answer or otherwise respond to Plaintiffs' Amended Complaint within thirty (30) days of service of that Amended Complaint. Should Defendants move to dismiss Plaintiffs' Amended Complaint, Plaintiffs' response shall be filed within thirty (30) days of filing of the motion.  Defendants' reply, if any, shall be filed within thirty (30) days of filing of the opposition.

E.    The deadline for plaintiffs in the Direct Purchaser Cases and the Indirect Purchaser Cases for moving for class certification is hereby extended to a date to be determined by agreement of the parties or set by the Court.

F.    The parties shall hold a Rule 26(f) conference on a mutually agreeable date and thereafter submit to the Court a written report pursuant to Federal Rule of Civil Procedure 26(f).

Dated: Washington, District of Columbia          **SO ORDERED:**
         January   \_\_\_\_\_, 2006


_____
**UNITED STATES DISTRICT JUDGE**

**Schedule A**
**Government Cases**

1. Title of Action:  *Federal Trade Commission v. Warner Chilcott Holdings Company III, Ltd., et al.*
   Civil Action No.:  1:05-CV-02179-CKK


2. Title of Action:  *State of Colorado, et al. v. Warner Chilcott Holdings Company III, Ltd., et al.*
   Civil Action No.:  1:05-CV-02182-CKK

**Schedule B**
**Direct Purchaser Cases**

1.  Title of Action:        *Meijer, Inc., et al. v. Warner Chilcott Holdings Company III, Ltd., et al.*
    Civil Action No.:      1:05-CV-02195-CKK

2.  Title of Action:        *Louisiana Wholesale Drug Co., Inc. v. Warner Chilcott Public Limited Company, et al.*
    Civil Action No.:      1:05-CV-02210-CKK

3.  Title of Action:        *Rochester Drug Co-Operative, Inc. v. Warner Chilcott Public Limited Company, et al.*
    Civil Action No.:      1:05-CV-02257-CKK

4.  Title of Action:        *Valley Wholesale Drug Company, Inc. v. Warner Chilcott Holdings Company III, Ltd., et al.*
    Civil Action No.:      1:05-CV-02321-CKK

5.  Title of Action:        *American Sales Company, Inc. v. Warner Chilcott Holdings Company III, Ltd., et al.*
    Civil Action No.:      1:05-CV-02335-CKK

6.  Title of Action:        *SAJ Distributors, Inc., et al. v. Warner Chilcott Holdings Company III, Ltd., et al.*
    Civil Action No.:      1:05-CV-02459-CKK

**Schedule C**
**Indirect Purchaser Cases**

1.    Title of Action:       *Vista Healthplan, Inc. v. Warner Chilcott Holdings Company III,*
                            *Ltd., et al.*
      Civil Action No.:     1:05-CV-02327-CKK


2.    Title of Action:       *Leas v. Warner Chilcott Holdings Company III, Ltd., et al.*
      Civil Action No:      1:06-CV-80028-DTKH

- 24 -