IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEIJER, INC. and MEIJER DISTRIBUTION, INC., on behalf of themselves and all others similarly situated<br>Plaintiffs,<br><br>v.<br><br><br>WARNER CHILCOTT HOLDINGS COMPANY III, LTD.; WARNER CHILCOTT CORPORATION; WARNER CHILCOTT (US) INC., GALEN (CHEMICALS), LTD.; and BARR PHARMACEUTICALS, INC.,<br><br>Defendants. | 05 Civ. 2195 (CKK)<br><br>JURY TRIAL DEMANDED |
| LOUISIANA WHOLESALE DRUG CO., INC., on behalf of itself and all others similarly situated,<br>Plaintiff,<br><br>v.<br><br>WARNER CHILCOTT PUBLIC LIMITED COMPANY, WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., GALEN (CHEMICALS) LTD., and BARR PHARMACEUTICALS, INC.,<br><br>Defendants. | 05 Civ. 2210 (CKK)<br><br>JURY TRIAL DEMANDED |
| ROCHESTER DRUG CO-OPERATIVE, INC., on behalf of itself and all others similarly situated,<br>Plaintiff,<br><br>v. | 05 Civ. 2257 (CKK)<br><br>JURY TRIAL DEMANDED |

1

| | |
|---|---|
| WARNER CHILCOTT PUBLIC LIMITED COMPANY, WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., GALEN (CHEMICALS) LTD., and BARR PHARMACEUTICALS, INC.,<br><br>         Defendants. | |
| VALLEY WHOLESALE DRUG COMPANY, INC., individually and on behalf of all others similarly situated,<br>Plaintiff,<br><br>         v.<br><br>WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., GALEN (CHEMICALS), LTD., and BARR PHARMACEUTICALS, INC.,<br><br>         Defendants. | 05 Civ. 2321 (CKK)<br><br>JURY TRIAL DEMANDED |
| AMERICAN SALES COMPANY, INC., on behalf of itself and all others similarly situated,<br><br>         Plaintiff,<br><br>         v.<br><br>WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., GALEN (CHEMICALS), LTD., and BARR PHARMACEUTICALS, INC.,<br><br>         Defendants. | 05 Civ. 2335 (CKK)<br><br>JURY TRIAL DEMANDED |

| | |
|---|---|
| SAJ DISTRIBUTORS, INC. and STEPHEN L. LaFRANCE HOLDINGS, INC., individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br>　　v.<br><br>WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., GALEN (CHEMICALS) LTD., and BARR PHARMACEUTICALS, INC.,<br><br>　　　　　　　　　Defendants. | 05 Civ. 2459 (CKK)<br><br>JURY TRIAL DEMANDED |

## CIVIL RULE 16.3 REPORT TO THE COURT

Plaintiffs in the above-captioned actions ("Direct Purchaser Plaintiffs") and Defendants Warner Chilcott Public Limited Company, Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., Galen (Chemicals) Ltd., and Barr Pharmaceuticals, Inc. ("Defendants") respectfully submit this joint report pursuant to United States District Court for the District of Columbia Local Civil Rule 16.

### BACKGROUND

Direct Purchaser Plaintiffs each filed a separate civil antitrust class action on behalf of a class of direct purchasers against Defendants in this Court. Each action alleges that on or about March 24, 2004, Defendants entered into an agreement relating to the oral contraceptive, Ovcon that violates section 1 of the Sherman Act, 15 U.S.C. § 1. Direct Purchaser Plaintiffs seek treble damages, attorneys' fees and costs.

3

The parties[1] advise the Court that in addition to Direct Purchaser Plaintiffs' class actions, other actions have been filed by plaintiffs based on the same or similar allegations. Specifically, the Federal Trade Commission ("FTC") filed Civil Action No. 1:05-cv-2179-CKK, thirty-four states and the District of Columbia (the "State Plaintiffs") filed Civil Action No. 1:05-cv-2182-CKK, and Vista Healthplan, Inc. filed Civil Action No. 1: 05-3237 (D.D.C.) on behalf of a class of Third-Party Payors.

On January 6, 2006, Defendants moved to consolidate for pretrial purposes all of the above-referenced actions pending before this Court. Direct Purchaser Plaintiffs filed their response to Defendants' motion on January 20, 2006. While Direct Purchaser Plaintiffs do not oppose consolidation of their six actions, they do oppose consolidation of the Direct Purchaser actions with the FTC, State Plaintiffs, and the Third-Party Payor actions. The Direct Purchaser Plaintiffs do not oppose coordination among the related actions and are currently in the process of negotiating a proposed case management order with Defendants, the FTC, State Plaintiffs, and Third Party Payor Plaintiffs that would provide for such coordination. Defendants filed their reply on January 27, 2006 and the motion is now pending before the Court. Pursuant to Local Civil Rule 16.3(c), the parties have discussed the following matters:

1. Dispositive Motions

    No dispositive motions are pending.

2. Joinder of Parties, Amendment of Pleadings and Narrowing of the Issues

    The parties agreed by January 31, 2006 stipulation that "Direct Purchaser Class Plaintiffs shall be permitted to file a Consolidated Amended Class Action Complaint [] without having to file a motion for leave to file an amended pleading." On February 1,

---

[1] The "parties" as used herein means Direct Purchaser Plaintiffs and Defendants.

4

2006, Plaintiffs sought to file a Consolidated Amended Complaint. On February 8, 2006, the Court issued an order finding that consolidation of Direct Purchaser Plaintiffs' cases cannot be accomplished absent a motion granted by the Court. The Court directed "[a]ll Defendants who have not already filed an answer in all six cases shall file a responsive pleading in each remaining case by February 20, 2006." If approved by the Court, Direct Purchaser Plaintiffs anticipate filing one consolidated amended complaint after Defendants' time to answer has expired.

The parties reserve their right to seek leave of the Court to make further amendments pursuant to Federal Rule of Civil Procedure 15(a).

3. <u>Agreement to Assign to Magistrate Judge</u>

The parties do not request assignment to a magistrate judge for all purposes.

4. <u>Possibility of Settlement</u>

The parties do not believe that there is a realistic possibility of settlement at this time.

5. <u>Alternative Dispute Resolution</u>

The parties have considered the possibility of using alternative dispute resolution procedures but do not believe that the case would benefit from such proceedings at this time.

6. <u>Summary Judgment</u>

The parties disagree as to the schedule for filing summary judgment motions.

Plaintiffs propose that summary judgment motions be filed no later than March 23, 2007; any opposition papers be filed on or before April 27, 2007; and any reply papers be filed on or before May 18, 2007.

Defendants propose that summary judgment motions be filed no later than July 16, 2007; any opposition papers be filed no later than August 20, 2007; and any reply papers be filed no later than September 7, 2007.

7. Initial Disclosures

The parties shall serve initial disclosures as required under Fed. R. Civ. P. 26(a)(1) no later than March 15, 2006. The parties agree that their initial disclosures shall include an initial production of documents.

8. Scope of Discovery

    (a) Timing of Discovery

    The parties disagree as to the timing of discovery.

    Except as to requests for admissions for the authentication and admissibility of exhibits, Plaintiffs propose that fact discovery between the parties should be completed by October 6, 2006 and third-party discovery should be completed by March 2, 2007.

    Except as to requests for admissions for the authentication and admissibility of exhibits, Defendants propose that fact discovery should be completed by April 2, 2007.

    The parties agree that they shall serve subpoenas and discovery requests sufficiently in advance of the discovery completion dates so that all responses or objections will be due on or before those dates.

(b) <u>Interrogatories</u>

The parties believe that it will be necessary to propound more than 25 interrogatories permitted by Fed. R. Civ. P. 33(a), and propose that they be permitted to propound 30 interrogatories, including all discrete subparts.

(c) <u>Other Written Discovery</u>

The parties propose that there be no limitations as to the number of requests for the production of documents pursuant to Fed. R. Civ. P. 34 or as to the number of requests for admission pursuant to Fed. R. Civ. P. 36, so long as consolidation and/or coordination of all nine pending actions has occurred in a manner that attempts to avoid any duplicative discovery. Each party reserves the right to seek a protective order pursuant to Fed. R. Civ. P. 26(c) with respect to the total number of requests for the production of documents or requests for admission as well as any objections to specific discovery requests. In addition, each party reserves the right to object to discovery to the extent that such discovery is duplicative of discovery produced in any of the nine related actions.

(d) <u>Depositions</u>

The parties believe that it will be necessary to take more than 10 depositions as permitted under Fed. R. Civ. P. 30(a)(2)(A) and propose that Plaintiffs and Defendants each be permitted to take the depositions of as many as 50 fact witnesses, excluding the parties and all fact witnesses named on the opposing parties' witness lists. Expert depositions are not subject to the provisions and limitations of this subparagraph.

7

(e)   Protective Order

The parties further agree that a protective order is necessary to safeguard the parties' confidential information. The parties are negotiating a protective order which they will submit for the Court's consideration upon the completion of their negotiations.

9. Experts

Subject to the following paragraphs, the parties propose no modification of the requirements of Fed. R. Civ. P. 26(a)(2).

(a)   Expert Reports

The parties disagree as to the timing for the exchange of expert reports.

Plaintiffs propose that the parties shall exchange the expert reports required by Fed. R. Civ. P. 26(a)(2)(B) by November 3, 2006, opposing expert reports shall be provided by December 15, 2006, and reply reports by January 26, 2007.

Defendants propose that Plaintiffs provide the expert reports required by Fed. R. Civ. P. 26(a)(2)(B) by May 1, 2007 and expert rebuttal reports by July 2, 2007, and that Defendants provide the expert reports required by Fed. R. Civ. P. 26(a)(2)(B) by June 1, 2007 and expert rebuttal reports by June 1, 2007.

The parties agree that the following types of information shall not be the subject of discovery: (1) the content of communications among and between: (a) counsel and expert witnesses; (b) expert witnesses and other expert witnesses or consultants; and/or (c) expert witnesses and their respective staffs, and (2) notes, drafts, written communications or other types of preliminary work created by, or

for, expert witnesses. The parties further agree that protections against discovery contained in this paragraph will not apply to any communications or documents upon which an expert specifically relies as a basis for any of his or her opinions or reports.

(b)  Expert Depositions

The parties propose that each expert witness be deposed within a reasonable time after the service of each report issued by that expert.

10. Class Actions

The parties propose that the deadline for moving for class certification be extended to May 8, 2006.

The parties disagree as to the timing of the filing of opposition and reply papers.

Plaintiffs propose that Defendants' response shall be filed on or before June 19, 2006 and Plaintiffs' reply, if any, shall be filed on or before July 31, 2006.

Defendants propose that Defendants' response shall be filed on or before August 7, 2006 and Plaintiffs' reply, if any, shall be filed on or before September 18, 2006.

11. Bifurcation

The parties agree that trial and/or discovery should not be bifurcated or managed in phases.

12. Pretrial Conference

The parties disagree as to the schedule for the pretrial conference.

Plaintiffs propose that the Court schedule a pretrial conference for June 15, 2007.

Defendants propose that the Court schedule a pretrial conference for October 1, 2007.

13. <u>Trial Date</u>

The parties disagree as to the schedule for the trial.

Plaintiffs propose that trial start on June 29, 2007.

Defendants propose that the Court should set a trial date at the pretrial conference.

Plaintiffs and Defendants have each submitted proposed scheduling orders reflecting their alternative proposals.

Respectfully submitted,

Dated: February 9, 2006					By: ___/s/ Michael D. Hausfeld___
							Michael D. Hausfeld (D.C. Bar No. 153742)
							COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C.
							1100 New York Avenue, N.W.
							Suite 500, West Tower
							Washington, DC 20005
							Tel: (202) 408-4600
							Fax: (202) 408-4699

							Linda P. Nussbaum
							Kanchana Wangkeo
							COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
							150 East 52nd Street, 30th Floor
							New York, NY 10022
							Tel: (212) 838-7797
							Fax: (212) 838-7745

							*Counsel for Plaintiffs Meijer, Inc. and Meijer Distribution, Inc.*

Dated: February 9, 2006					By: ___/s/ Richard B. Drubel___
							Richard B. Drubel (D. C. Bar No. 334359)
							Kimberly H. Schulz
							BOIES, SCHILLER & FLEXNER LLP
							26 South Main Street
							Hanover, NH 03755
							Tel: (603) 643-9090
							Fax: (603) 643-9010

							William Isaacson (No. 414788)
							Tanya Chutkan (No. 420478)
							BOIES, SCHILLER & FLEXNER LLP
							5301 Wisconsin Ave., NW, Ste. 800
							Washington, DC 20015
							Tel: (202) 237-2727
							Fax: (202) 237-6131

							*Counsel for Plaintiff Valley Wholesale Drug Co., Inc.*

Dated: February 9, 2006

By: ___/s/ David Fierst_____
David Fierst, Esq. (D.C. Bar No. 912899)
STEIN, MITCHELL & MEZINES LLP
1100 Connecticut Avenue, N.W.
Suite 1100
Washington, DC 20036
Tel: (202) 737-7777
Fax: (202) 296-8312

Bruce E. Gerstein
Barry S. Taus
Kevin S. Landau
GARWIN GERSTEIN & FISHER, LLP
1501 Broadway, Ste. 1416
New York, NY 10011
Tel: (212) 398-0055
Fax: (212) 764-6620

*Counsel for Plaintiff Louisiana Wholesale Drug Co., Inc.*

Dated: February 9, 2006

By: ___/s/ David Fierst_____
David Fierst, Esq. (D.C. Bar # 912899)
STEIN, MITCHELL & MEZINES LLP
1100 Connecticut Avenue, N.W.
Suite 1100
Washington, DC 20036
Tel: (202) 737-7777
Fax: (202) 296-8312

Daniel Berger
David Sorenson
Eric L. Cramer
Peter Kohn
Daniel Simons
BERGER & MONTAGUE, P.C.
1622 Locust St.
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604

*Counsel for Plaintiff Rochester Drug Co-operative, Inc.*

Dated: February 9, 2006

By: ___/s/ Michael D. Hausfeld___
Michael D. Hausfeld (D.C. Bar # 153742)
COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699

Dianne M. Nast
RodaNast, P.C.
801 Estelle Drive
Lancaster, PA 17601
Tel: (717) 892-3000
Fax: (717) 892-1200

*Counsel for Plaintiffs SAJ Distributors, Inc. and Stephen L. LaFrance Holdings, Inc.*

Dated: February 9, 2006

By: ___/s/ Jonathan W. Cuneo___
Jonathan W. Cuneo (D.C. Bar No. 939389)
CUNEO GILBERT & LADUCA, LLP
507 C Street, N.E.
Washington, DC 20002
Tel: (202) 789-3960

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Tel: (206) 623-7292

*Counsel for Plaintiff American Sales Company*

Dated: February 8, 2006                By: ___/s/___  Karen N. Walker___
                                       Karen N. Walker (D.C. Bar #. 412137)
                                       Mark L. Kovner (DC Bar # 430431)
                                       Chong S. Park (D.C. Bar # 463050)
                                       KIRKLAND & ELLIS LLP
                                       655 Fifteenth Street, N.W.
                                       Washington, D.C. 20005
                                       Telephone: (202) 879-5000
                                       Fax: (202) 879-5200

                                       **Counsel for Barr Pharmaceuticals, Inc.**


Dated: February 8, 2006                By: ___/s/___  Kevin J. Arquit___
                                       Kevin J. Arquit (D.C.Bar # 438511)
                                       Charles E. Koob
                                       SIMPSON THACHER & BARTLETT LLP
                                       425 Lexington Avenue
                                       New York, New York 10017-3954
                                       Telephone: (212) 455-2000
                                       Fax: (212) 455-2502

                                       **Counsel for Warner Chilcott Holdings Company III, Ltd.** *et al.*