# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEIJER, INC. and MEIJER DISTRIBUTION, INC., on behalf of themselves and all others similarly situated<br>Plaintiffs,<br><br>v.<br><br><br>WARNER CHILCOTT HOLDINGS COMPANY III, LTD.; WARNER CHILCOTT CORPORATION; WARNER CHILCOTT (US) INC., GALEN (CHEMICALS), LTD.; and BARR PHARMACEUTICALS, INC.,<br><br>Defendants. | 05 Civ. 2195 (CKK)<br><br>JURY TRIAL DEMANDED |
| LOUISIANA WHOLESALE DRUG CO., INC., on behalf of itself and all others similarly situated,<br>Plaintiff,<br><br>v.<br><br>WARNER CHILCOTT PUBLIC LIMITED COMPANY, WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., GALEN (CHEMICALS) LTD., and BARR PHARMACEUTICALS, INC.,<br><br>Defendants. | 05 Civ. 2210 (CKK)<br><br>JURY TRIAL DEMANDED |
| ROCHESTER DRUG CO-OPERATIVE, INC., on behalf of itself and all others similarly situated,<br>Plaintiff,<br><br>v. | 05 Civ. 2257 (CKK)<br><br>JURY TRIAL DEMANDED |

| | |
|---|---|
| WARNER CHILCOTT PUBLIC LIMITED COMPANY, WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., GALEN (CHEMICALS) LTD., and BARR PHARMACEUTICALS, INC., <br><br> Defendants. | |
| VALLEY WHOLESALE DRUG COMPANY, INC., individually and on behalf of all others similarly situated, <br> Plaintiff, <br><br> v. <br><br> WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., GALEN (CHEMICALS), LTD., and BARR PHARMACEUTICALS, INC., <br><br> Defendants. | 05 Civ. 2321 (CKK) <br><br> **JURY TRIAL DEMANDED** |
| AMERICAN SALES COMPANY, INC., on behalf of itself and all others similarly situated, <br><br> **Plaintiff,** <br><br> v. <br><br> WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., GALEN (CHEMICALS), LTD., and BARR PHARMACEUTICALS, INC., <br><br> **Defendants.** | 05 Civ. 2335 (CKK) <br><br> **JURY TRIAL DEMANDED** |

| | |
|---|---|
| SAJ DISTRIBUTORS, INC. and STEPHEN L. LaFRANCE HOLDINGS, INC., individually and on behalf of all others similarly situated,<br><br>                     Plaintiffs,<br>     v.<br><br>WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., GALEN (CHEMICALS) LTD., and BARR PHARMACEUTICALS, INC.,<br><br>                     Defendants. | 05 Civ. 2459 (CKK)<br><br>JURY TRIAL DEMANDED |

## DEFENDANTS' PROPOSED SCHEDULING ORDER

In accordance with Fed. R. Civ. P. 16 and L. Civ. R. 16.4(b), the Court hereby ORDERS as follows:

1. <u>Amendment of Pleadings.</u>  The parties shall be allowed to seek leave of the Court to make amendments to the pleadings pursuant to Federal Rule of Civil Procedure 15(a).

2. <u>Summary Judgment.</u>  Summary judgment motions shall be filed no later than July 16, 2007; any opposition papers shall be filed no later than August 20, 2007; and any reply papers shall be filed no later than September 7, 2007.

3. <u>Initial Disclosures.</u>  The parties shall serve initial disclosures as required under Fed. R. Civ. P. 26(a)(1) no later than March 15, 2006.  Initial disclosures shall include an initial production of documents.

4. <u>Scope of Discovery.</u>

   (a) <u>Timing of Discovery</u>

Except as to requests for admissions for the authentication and admissibility of exhibits, fact discovery shall be completed by April 2, 2007.

The parties shall serve subpoenas and discovery requests sufficiently in advance of the discovery completion dates. All responses or objections shall be due on or before those dates.

   (b) <u>Interrogatories</u>

The parties shall be permitted to propound 30 interrogatories, including all discrete subparts.

   (c) <u>Other Written Discovery</u>

There shall be no limitations as to the number of requests for the production of documents pursuant to Fed. R. Civ. P. 34 or as to the number of requests for admission pursuant to Fed. R. Civ. P. 36, so long as consolidation and/or coordination of all nine pending actions has occurred in a manner that attempts to avoid any duplicative discovery. Each party may seek a protective order pursuant to Fed. R. Civ. P. 26(c), with respect to the total number of requests for the production of documents or requests for admission as well as any objections to specific discovery requests. In addition, each party may object to discovery to the extent that such discovery is duplicative of discovery produced in any of the nine related actions.

    (d) <u>Depositions</u>

Plaintiffs and Defendants each shall be permitted to take the depositions of as many as 50 fact witnesses, excluding the parties and all fact witnesses named on the opposing parties' witness lists. Expert depositions shall not be subject to the provisions and limitations of this subparagraph.

    (e) <u>Protective Order</u>

A protective order is necessary to safeguard the parties' confidential information and shall be entered at a later date.

5.   <u>Experts.</u>

    (a) <u>Expert Reports</u>

Plaintiffs shall provide expert reports required by Fed. R. Civ. P. 26(a)(2)(B) by May 1, 2007, and expert rebuttal reports by July 2, 2007. Defendants shall provide expert reports required by Fed. R. Civ. P. 26(a)(2)(B) by June 1, 2007, and expert rebuttal reports by June 1, 2007.

The following types of information shall not be the subject of discovery: (1) the content of communications among and between: (a) counsel and expert witnesses; (b) expert witnesses and other expert witnesses or consultants; and/or (c) expert witnesses and their respective staffs, and (2) notes, drafts, written communications or other types of preliminary work created by, or for, expert witnesses. The protections against discovery contained in this paragraph shall not apply to any communications or documents upon which an expert specifically relies as a basis for any of his or her opinions or reports.

      (b) <u>Expert Depositions</u>

        Expert witness shall be deposed within a reasonable time after the service of each report issued by that expert.

6.    <u>Class Actions.</u> The deadline for moving for class certification shall be extended to May 8, 2006. Defendants' response shall be filed on or before August 7, 2006. Plaintiffs' reply, if any, shall be filed on or before September 18, 2006.

7.    <u>Bifurcation.</u> Trial and/or discovery shall not be bifurcated or managed in phases.

8.    <u>Pretrial Conference.</u> A pretrial conference shall be set for October 1, 2007.

9.    <u>Trial Date.</u> A trial date shall be set at the pretrial conference.

IT IS SO ORDERED.

DATED: February ____, 2006

                                            _____
                                            Hon. Colleen Kollar-Kotelly
                                            United States District Judge